**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

v. Case No. 8:24-cr-472-TPB-AAS

KENNETH VOGEL,

Defendant.
_______________________________/

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

This matter is before the Court on Defendant's motion to suppress evidence, filed by counsel on January 19, 2026. (Doc. 62). On April 2, 2026, the United States of America filed a response in opposition to the motion. (Doc. 71). On May 18, 2026, the Court held a hearing to address this matter. (Docs. 78; 80). Following the hearing, the parties submitted supplemental briefing. (Docs. 82; 84; 89; 92). After reviewing the motion, response, testimony, evidence, legal arguments, supplemental briefing, court file, and the record, the Court finds as follows:

**Background**

The facts are largely undisputed. On April 26, 2024, at approximately 2:30 a.m., Deputy Sheriff Austin Clayton of the Hernando County Sheriff's Office stopped a 2018 Toyota Tacoma driven by Defendant for an alleged speeding violation – according to Deputy Clayton, Defendant was traveling at 75 miles per hour in a 55 mile per hour zone. Once Defendant was stopped, Deputy Clayton approached the vehicle and requested Defendant's registration and insurance. At

that time, Deputy Clayton observed a small green plastic baggie containing two small pills fall from Defendant's wallet. When Deputy Clayton asked Defendant about the pills, Defendant did not explain what they were but instead grabbed the baggie and dropped it between the driver's seat and center console. At that time, Deputy Clayton asked Defendant to exit the vehicle where he was subsequently detained and read his *Miranda* rights.

Law enforcement conducted a search of the vehicle and recovered a firearm loaded with eight rounds of ammunition. They located another ten rounds of ammunition in a compartment of the vehicle, along with significant amounts of methamphetamine and cocaine in the vehicle. At the time of the traffic stop, Defendant was a convicted felon and not lawfully permitted to possess a firearm.

Defendant challenges the legality of the stop and his subsequent arrest. He argues that the officers did not have probable cause to either initiate the traffic stop or to detain him and search the vehicle. Defendant contends that because the stop and arrest were illegal, all evidence derived from the stop and arrest must be suppressed.

**<u>Analysis</u>**

"The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Arvizu*, 534 U.S. 266, 273 (2002). "[A] decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation occurred . . . and an officer's motive

in making the traffic stop does not invalidate what is otherwise objectively justifiable behavior under the Fourth Amendment." *United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999) (citing *Whren v. United States*, 517 U.S. 690, 699 (1996)).

Here, Deputy Clayton provided credible testimony that he observed Defendant traveling at 75 mph in a 55-mph zone. He therefore had probable cause to initiate a traffic stop based on his observation of Defendant's violation of traffic laws. The initial stop was valid, and the motion is denied as to this ground.

But Defendant also contends that even if the initial stop was valid, it evolved into an improper search and seizure without probable cause to believe Defendant possessed contraband. "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *United States v. Boyd*, 388 F. App'x 943, 947 (11th Cir. 2010) (quoting *United States v. Gordon*, 231 F.3d 750, 758 (11th Cir. 2000)). When examining probable cause, the court considers the totality of the circumstances. *See id*. (citing *United States v. Lyons*, 403 F.3d 1248, 1253 (11th Cir. 2005)).

Deputy Clayton observed pills in Defendant's lap after approaching the vehicle, and he observed Defendant try to conceal the pills when questioned about them. According to his own testimony, Deputy Clayton could not identify the pills as contraband based on their appearance.[1] Deputy Clayton also conceded that pills

[1] Deputy Clayton did not have training in narcotics and had no way of knowing to any degree of certainty what the pills actually were. He testified that he could not identify the

are commonly possessed pursuant to lawful prescriptions, and nothing about their appearance alone suggested that they were controlled substances or otherwise illegal. While it is true that Defendant refused to identify the pills when asked about them by Deputy Clayton, and then dropped the pills between the driver's seat and center console, Defendant's response to Deputy Clayton did not, by itself, establish probable cause.

These facts certainly may have given rise to reasonable suspicion warranting further investigation. But rather than conducting any additional investigation, Deputy Clayton chose to arrest Defendant for possession of contraband based solely on his observations. The observations, without more, did not furnish probable cause. The possession of unidentified pills – even when coupled with an attempt to conceal them – simply did not establish probable cause to believe Defendant was committing any criminal offense. *See United States v. Richardson*, No. 16-68-JJB-EWD, 2017 WL 1416816, at *6 (M.D. La. Apr. 19, 2017) (concluding there was no probable cause to believe that pills were contraband where officer could not identify pills even when the defendant made a brief furtive movement consistent with trying to hide pills); *State v. Sanchez*, 2015-NMCA-084, 355 P.3d 795, 800-04 (N.M. Ct. App. 2015) (concluding that there was no probable cause to believe that pills were contraband where officer observed defendant attempt to conceal bag containing pills); *Smith v. State*, 95 So. 3d 966, 969-70 (Fla. 1st DCA 2012) (concluding seizure

---

pills, had no evidence concerning what type of pills they were, and believed only that they were "possibly contraband" at the time he decided to arrest Defendant and search the vehicle.

of pills was unlawful because circumstances were insufficient to create reasonable suspicion that the defendant was in unlawful possession of a controlled substance); *Sawyer v. State*, 842 So. 2d 310, 311-12 (Fla. 5th DCA 2003) (concluding seizure was unlawful because the pill seized by officer was not "immediately apparent" as contraband).

Because Deputy Clayton lacked probable cause to arrest Defendant for unlawful possession of contraband, the ensuing arrest and warrantless search of the vehicle were unlawful. The evidence discovered as a result of the search must therefore be suppressed. Consequently, Defendant's motion to suppress evidence is hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE